UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CRIMINAL NO. 3:23-CR-26 |
| : | |
| KEVIN JONES, : | (JUDGE MANNION) |
| : | |
| Defendant : | |
| : | |

## **MEMORANDUM**

The court addresses two motions in limine: the government's motion introduce evidence of Defendant Kevin Jones's prior felony conviction, (Doc. 451), and Defendant's motion to exclude evidence of gang affiliation. (Doc. 488).

### I.  BACKGROUND

In an indictment returned February 14, 2023, Defendant is charged with conspiring to possess and distribute controlled substances, in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A). (Doc. 1). He is set to stand trial for this charge on May 28, 2024. (Doc. 375).

### A. Prior conviction

Defendant plead guilty in 2004 to one count of possessing and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c), a felony offense. (Case No. 3:03-cr-45, Doc. 233). He was sentenced on June 6, 2004 to a term of imprisonment of 120 months and 5 years of supervised release. (Id.). He was released from imprisonment and began his term of supervised release in 2012. He was recommitted to prison for violations of the conditions of his supervised release in 2013 (four months), 2014 (nine months), and 2017 (27 months). (Doc. 451 ¶5). He was released from custody in January 2018 and his supervision was terminated in January 2020.

### B. Gang affiliation

The Indictment refers to Defendant Jones as "Kevin Jones, a/k/a 'Hat.'" (Doc. 1). According to the government, Defendant utilized this name as an alias and is known as "Hat" to government witnesses, some of whom do not know his real name. (Doc. 494 at 7). The government avers that Defendant routinely used this alias when processing "Cash App" transactions, sending money to his drug supplier, and texting the supplier. (Id.).

## II.   LEGAL STANDARD

### A. Prior conviction

The government seeks to introduce evidence of Defendant's prior conviction at trial as impeachment evidence. (Doc. 451).

Generally, for purposes of attacking a witness's character for truthfulness, evidence of a crime punishable by imprisonment for more than one year "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). But "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction may be admitted only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives the adverse party reasonable written notice of its intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

"Rule 609 is premised on the common-sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997). Evidence is admitted under this rule "in

order to inform the jury about the character of the witness whose testimony the jury is asked to believe." *Id.*

Four factors are considered in weighing the crime's probative value against its prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the defendant's testimony to the case; and (4) the importance of the credibility of the defendant." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (quoting *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)).

### B. Gang affiliation

Defendant submits that "evidence at trial referencing [his] alleged gang affiliation, including but not limited to, the use of his alias, the 'Hat,'" should not be admitted because it is "irrelevant and immaterial, and that any probative value submitted by the government is substantially outweighed by the danger of unfair prejudice." (Doc. 488-1 at 3).

Relevant evidence is admissible unless the Constitution, a federal statute, or the Federal Rules of Evidence provide otherwise. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." R. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of …

- 4 -

unfair prejudice." R. 403. Unfair prejudice is that which "clouds impartial scrutiny and reasoned evaluation of the facts" or "inhibits neutral application of the principles of law to the facts as found." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009). Additionally, "evidence of any other crime, wrong, or act" than the one charged in the indictment "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "it may be admissible for another purpose." R. 404(b).

### III.   DISCUSSION

#### A. Prior conviction

Defendant was initially released from confinement for his §924(c) conviction in 2012. (Doc. 452-2 at 3). Following his release, he was recommitted to prison for violations of the conditions of his supervised release. (Doc. 452 at 2–3). His latest recommitment occurred on November 17, 2017, when Defendant plead guilty to violations of the following conditions:

> ▪ Defendant shall not commit another federal, state, or local crime.
> ▪ Defendant shall not unlawfully possess a controlled substance.
> ▪ Defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

> ▪ Defendant shall not purchase, possess, use, or distribute a controlled substance or paraphernalia.

(Case No. 3:03-cr-45, Doc. 453). As of a result of these violations, he was recommitted for a term of imprisonment of 27 months. (Id.). He was released from imprisonment in January 2018. (Doc. 452 at 3).

Some courts have held that reimposition of a term of imprisonment for violations of supervised release conditions restarts Rule 609(b)(1)'s 10-year time period. *See United States v. Hampton*, Crim. No. 15-302, 2017 WL 1632594, at *3 (E.D. Pa. May 2, 2017) (collecting cases); *see also United States v. Flood*, 3:2004-36, 2007 WL 1314612, at *5 (W.D. Pa. May 4, 2007) (parole revocation). The Third Circuit has not yet considered such a rule. *See Hampton*, 2017 WL 1632594, at *3*.

Again, Rule 609(b)'s 10-year period begins as of "the witness's conviction or release from confinement for it, whichever is later." The court agrees that, for purposes of Rule 609(b)'s 10-year window, confinement resulting from a violation of the conditions of supervised release should be considered confinement for the original conviction. *See United States v. Lapteff*, 160 Fed. App'x 298, 303–04 (4th Cir. 2005) (non-precedential). Sentences imposed upon revocation of a defendant's term of supervised release "are part and parcel of [his] underlying conviction and punishment." *United States v. Jones*, 833 F.3d 341, 344 (3d Cir. 2016) (citing *Johnson v.*

*United States*, 529 U.S. 694, 700 ("We … attribute postrevocation penalties to the original conviction.")). It follows, then, that confinement resulting from supervised release violations is confinement "for" the conviction itself. So the 10-year window for a conviction should properly begin as of a defendant's latest release from any confinement attributable to that conviction, including a term of imprisonment required upon violation of the conditions of supervised release imposed for that conviction.

This reading also comports with the purpose of Rule 609(b). The rule is premised on the assumption that "convictions over ten years old generally do not have much probative value." Rule 609(b), advisory committee notes; Senate Report 93-1277. Violations of the conditions of supervised release negate this assumption by demonstrating that time has not separated the defendant from his criminal conduct. So applying a heightened standard based on the age of a conviction whose probative value has been reinforced by subsequent violations finds no basis in Rule 609(b)'s purpose.

Moreover, Defendant's 2017 recommitment was for the same conduct as his original conviction: possession of a firearm and a controlled substance offense. This similarity accentuates the lack of rehabilitation undergone by Defendant.

The court therefore concludes that Defendant's recommitments for violations of the conditions of his supervised release should be considered confinement for Defendant's original conviction for purposes of Rule 609(b).

Accordingly, Defendant's release from confinement for his 2004 §924(c) conviction was in 2018, and that conviction thus falls within Rule 609(b)'s 10-year window. So the probative value of that conviction must only outweigh (rather than substantially outweigh) its prejudicial effect.

To make this balancing determination, the court examines the *Bedford* factors.

### 1. Kind of crime involved

The first factor involves consideration of "both the impeachment value of the prior conviction as well as its similarity to the charged crime." *Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014).

Again, the conviction which the government seeks to introduce was for possession and carrying of a firearm during and in relation to a drug offense.

### a. Impeachment value

> Crimes of violence generally have lower probative value in weighing credibility, but may still be admitted after balancing the other factors. In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible.

*Id.*

"[U]nlawful firearms convictions do not, by their nature, imply a dishonest act." *Id.* at 289. But any felony conviction is presumed to have some probative value as to truthfulness. *See Walden*, 126 F.3d 506, 523 (3d Cir. 1997); *United States v. Blakeslee*, 1:07-cr-0483, 2010 WL 1416840, at *2 (M.D. Pa. Apr. 5, 2010). And drug offenses in particular, which Defendant's conviction involves, can bear on veracity. *See United States v. Davis*, 235 F.R.D. 292, 296 (W.D. Pa. 2006); *United States v. Murphy*, 172 Fed App'x 461, 463 (3d Cir. 2006) (non-precedential). So Defendant's prior conviction has some probative value in weighing credibility.

### b. Similarity to charged crime

"With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Caldwell*, 760 F.3d at 286. That is because "[t]he jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that the defendant committed the similar offense for which he is charged." *Id.*

Here, both the prior conviction and the offense charged involve a drug offense, so this factor would weigh in favor of exclusion. But as the government suggests, the risk of prejudice can be mitigated by "sanitizing"

the conviction—that is, referring to it generally as a "prior felony conviction" without specifying the crime. (Doc. 452 at 8). With sanitation, this factor does not weigh against admission.

### 2. When the conviction occurred

Though Defendant's conviction occurred in 2004 and he was released from his initial term of imprisonment more than ten years ago, since then he has violated the conditions of his supervised release multiple times by committing additional crimes, including the same types of offenses as his original conviction. His most recent judgment for violations of supervised release came in 2017, and he was thereby reimprisoned until 2018. These violations were for the same conduct on which his original conviction was based. "[T]he probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which suggest his character has not improved." *Caldwell*, 760 F.3d 267, 287.

Given Defendant's sustained record of similar infractions following his initial release, the age of his conviction does not significantly lessen its probative value. This factor therefore does not weigh against admission.

### 3. Importance of defendant's testimony / Importance of the credibility of the defendant

These factors exist in some tension because they correspond with each other but cut in opposite directions. *See Caldwell*, 760 F.3d at 288 n.15. Generally, the more important a defendant's testimony, the more important his credibility. *Id.* But that his testimony is important weighs against admission, while the importance of his credibility weighs in favor. *Id.* at 287–89.

Here, if Defendant chooses to testify, his testimony will be critically important, as the jury will likely be forced to choose between his version of events and a competing version presented by the government's witnesses. Additionally, as Defendant points out, (Doc. 487 at 9), his testimony will likely be pitted against that of multiple law enforcement officers and co-conspirators or co-defendants, further increasing its importance. And if he testifies, his credibility likewise will be crucial to a similar degree. Therefore, these factors essentially cancel each other out.

### 4. Balance of factors

The court finds that the impeachment value of Defendant's prior felony conviction outweighs the prejudicial effect of introducing a "sanitized" version of that conviction with a limiting instruction, that Defendant's intervening

violations render its probative value relatively undiminished by age, and that the third and fourth factors cancel each other out. So the *Bedford* factors on balance call for admission of a sanitized version of Defendant's conviction.

### B. Gang affiliation

#### 1. Alias

"[T]he prosecution's use of a defendant's alias … at trial is permissible where the evidence is relevant—including for purposes of identifying the defendant—and does not result in unfair prejudice." *United States v. Williams*, 974 F.3d 320, 356 (3d Cir. 2020). In *Williams*, a district court's allowance of the alias "Killer" was upheld where certain witnesses knew the defendant only through that name. *Id.*

Based on the government's representation regarding Defendant's use of the alias "Hat," the introduction of this name at trial may be relevant to identify Defendant. *See Williams*, 974 F.3d at 356. Because some witnesses know Defendant only by this name and because he identified himself this way in Cash App transactions and text messages, evidence of this name will allow the government to connect testimony and related documentary evidence to Defendant. Indeed, presentation of such evidence without introduction of the alias would likely confuse the jury. *See United States v. Thompson*, 3:20-108, 2021 WL 2986364, at *3 (M.D. Pa. 2021); *United

*States v. Mims*, No. 19-cr-811, 2022 WL 1165697, at *5 (D. N.J. Apr. 20, 2022).

For these reasons, the probative value of this evidence is high. And the court does not see, nor does Defendant demonstrate, a high risk of unfair prejudice presented by use of this evidence. The name itself, "Hat," does not carry a derogatory connotation. *Cf. Mims*, 2022 WL 1165697, at *5 ("The aliases ["Moo," "Face," or "Fifty"] do not suggest a propensity to engage in drug trafficking or illegal firearms possession as to unduly prejudice Defendants."). Plus, the government represents that it does not intend to use this alias "gratuitously," but only where relevant to identification or for the jury's understanding of other evidence. (Doc. 494 at 10).

The court therefore finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. So this evidence will not be excluded.

### 2. Gang affiliation

Defendant also seeks more generally to exclude "any evidence of alleged gang affiliation." (Doc. 488).

"Evidence of gang affiliation" may be "relevant to a disputed issue," *United States v. Ranalli*, No. 1:12-cr-310, 2015 WL 539729, at *8 (M.D. Pa. Feb. 10, 2015), and, pursuant to Rule 404(b), "should be admitted only when

it is solidly tied to some legitimate purpose other than a showing of propensity to criminal conduct." *United States v. Carter*, 410 Fed. App'x 549, 553 (3d Cir. 2011) (non-precedential).

The government represents that it does not intend to introduce such evidence "unless events at trial warrant otherwise." (Doc. 494 at 12). Therefore, the decision on the admissibility of any potential gang-affiliation evidence will be held in abeyance until the government seeks to introduce such evidence at trial and the court has had the opportunity to review the offer in the context of the testimony and evidence then presented.

## IV.    CONCLUSION

For the foregoing reasons, the government's motion in limine will be granted and Defendant's motion will be denied in part and held in abeyance in part. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 21, 2024**
23-26-03